MARY S. MATTESON, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

In an action against a carrier of passengers for loss of baggage, the burden of showing delivery of the baggage is upon defendant; transportation of the baggage to the place of destination is not sufficient to discharge from responsibility.

If the passenger does not call for his baggage on arrival, the carrier cannot leave it uncared for, or abandon it; but his strict responsibility as carrier ceases after a reasonable time has elapsed to enable the owner to claim it, and a modified liability, like that of a warehouseman, supervenes.

In an action to recover damages for loss of baggage, plaintiff's evidence was to the effect that she, with her sister, were passengers on defendant's road. Upon arrival at her place of destination the checks for their baggage were delivered to the baggage-master for the purpose of getting a valise. They informed him that they desired to leave their trunks there for a week or two; this he advised them they could do, "by giving him the checks," and he assured them that the trunks would be "just as safe without the checks as with them." The checks were thereupon left with him, and when plaintiff called for her trunk it could not be found; it having been delivered by the baggage-master to a stranger. The baggage-master was prohibited by defendant from thus keeping baggage. *Held,* that it was a question for the jury, whether there was a delivery of the trunk by the defendant to the plaintiff, and a termination of its responsibility.

*Matteson* v. *N. Y. C. and H. R. R. R. Co.* (57 N. Y., 552), distinguished.

(Argued February 10, 1879; decided March 18, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover for the loss of a trunk and its contents. It is reported upon a former appeal in 57 N. Y., 552.

Plaintiff, with her sister, took passage on defendant's road, from Rochester to Palmyra. Their baggage consisted of one trunk each, and a small valise. The three pieces were checked at Rochester for Palmyra, and arrived safely at that place. What occurred thereafter is set forth sufficiently in the opinion.

*Daniel Pratt*, for appellant. Plaintiff had no cause of action. (*Matteson* v. *N. Y. C. and H. R. R. R. Co.*, 57 N. Y., 552.) Defendant's duties to plaintiff were only those of a warehouseman. (*Rath* v. *B. S. L. R. R. Co.*, 34 N. Y., 547; *Burnell* v. *N. Y. C. and H. R. R. R. Co.*, 45 id., 184.) The burden was upon plaintiff of showing the authority of the baggage-master to create the relation of warehouseman between plaintiff and defendant. (*Stingham* v. *St. Nicholas Ins. Co.*, 3 Keyes, 280; 34 N. Y., 548.)

*Wm. C. Ruger*, for respondent. Defendant was not only bound to safely transport its passengers' baggage, but to hold it a reasonable time for them to call and remove it; and until such time expired it would be liable as a common carrier. (34 N. Y., 549; 50 Barb., 193; 10 N. Y., 36; 26 Wend., 592; 49 Barb., 148; *Denninny* v. *N. Y. and H. R. R. Co.*, 49 N. Y., 546.) After the expiration of such reasonable time defendant became liable as a warehouseman for any loss of baggage occurring through its fault. (34 N. Y., 553; 26 Wend., 567; *Burnell* v. *N. Y. C. R. R. Co.*, 45 N. Y., 185, 188; *Fairfax* v. *N. Y. C. R. R. Co.*, 67 id., 11; S. C., 7 N. Y. Weekly Dig., 92; *Curtis* v. *D., L. and W. R. R. Co.*, 7 id., 253; 45 N. Y., 185; 1 Daly, 202; 1 Den., 45.) The surrender of the check was not *per se* an acceptance of the baggage. (49 N. Y., 551.) Defendant was liable under the arrangement made with its baggage-master. (*Omint* v. *Henshaw*, 35 Vt., 605; *Curtis* v. *R. R. Co.*, 49

Barb., 149; 50 id., 193; 49 N. N., 446; *N. Y. and N. H. R. R.* v. *Kip,* 46 id., 546, 553.) A common carrier or other party cannot limit its liability by a mere notice, although it be brought to the knowledge of the person intended to be affected thereby. (*Blossom* v. *Dodd,* 43 N. Y., 264; *Dorr* v. *N. J. St. N. Co.,* 1 Ker., 485; *Cole* v. *Goodwin,* 19 Wend., 235; *Rawson* v. *R. R. Co.,* 48 N.Y., 212.) It was gross negligence to deliver the trunk to a stranger, and if the trunk was then in defendant's custody, it was guilty of a conversion and liable therefor. (*Hall* v. *B. and W. R. R.,* 14 All., 439; *Duff* v. *Budd,* 3 Broderiss & B., 177; *Ostrander* v. *Brown,* 15 J. R., 39; 26 Wend., 595; 42 N. Y., 212; 9 Barb.; 5 How.; 6 Hill; Story on Bailments, § 450; *Curtis* v. *D., L. and W. R. R. Co.,* 7 N. Y. Weekly Dig., 253; *Fairfax* v. *N. Y. C. R. R. Co.,* 67 N. Y., 11 : S. C., 7 N. Y. Weekly Dig., 92.)

ANDREWS, J. The jury found that the trunk was not delivered to, or accepted by the plaintiff on the arrival of the train at Palmyra. It is claimed however that the evidence conclusively established a delivery by the company, and a termination of its responsibility. It is not claimed that the trunk was taken by the plaintiff from the station. On the contrary it is conceded that it remained there for about two weeks, and was then delivered by the baggage-master to a stranger, who falsely claimed that he was authorized by the plaintiff to receive it. The contention of the defendant is that it was left by the plaintiff in the possession of the baggage-master for her convenience, while on a visit to friends in the vicinity, after it had been delivered to her by the company, and that the baggage-master in consenting to keep the trunk during her absence, acted not only without authority, but contrary to the instructions of the defendant, and in what he subsequently did must be regarded as her agent, and not the defendant's.

We think the court would not have been justified in deciding the question of delivery as a question of law,

and withdrawing it from the jury. The defendant received the trunk at Rochester, under the contract to carry the plaintiff and her baggage to Palmyra. The burden of showing a delivery of the trunk was upon the defendant. It was not sufficient to discharge the defendant from responsibility that it carried the trunk to Palmyra. The general rule is that a carrier must deliver the property carried, in order to terminate his responsibility. If a passenger does not call for his baggage on arrival, the company cannot leave it uncared for, or abandon it. Its strict responsibility as a carrier will cease after a reasonable time has elapsed, to enable the owner to claim it, and a modified liability, like that of warehouseman will supervene. (*Burnell* v. *N. Y. C. R. R. Co.*, 45 N. Y., 184; *Fairfax* v. *N. Y. C. and H. R. R. R. Co.*, 67 id., 11.) The neglect of the owner to call for the baggage within a reasonable time, changes the character of the liability, but does not terminate it.

The evidence of what took place on the arrival of the plaintiff at Palmyra, is conflicting. But taking the plaintiff's version of the transaction to be true, we cannot say that there was a delivery and acceptance of the trunk. It is clear that the plaintiff from the outset, intended to leave the trunk at the station, while visiting her relatives before continuing her journey. The checks for the three pieces of baggage, were handed to the driver of the omnibus in the presence of the baggage-master, for the purpose of enabling him to select the valise, which she desired to take with her, and this purpose was, as the jury from the evidence was authorized to find, known to the baggage-master. They were handed by the driver to the baggage-master, who selected the valise, and brought it to the plaintiff, and a colloquy followed between the plaintiff and her sister, and the baggage-master, in respect to the trunks remaining there for a week or two, and the baggageman informed them in substance that they could be left "by giving him the checks." He assured them that the trunks would be perfectly safe,

"just as safe without the checks as with them." The baggage-master had retained the checks from the time he received them from the driver of the omnibus. Soon after this conversation, the plaintiff and her sister left the station, and when about two weeks afterwards they called for their trunks, the plaintiff's trunk could not be found.

It was for the jury to determine upon this evidence whether there was a delivery of the trunk by the defendant on her arrival at Palmyra. The baggage-master states that he informed the plaintiff that he had no authority to permit trunks to remain at the depot, and directed her attention to a printed regulation to that effect, posted upon the building. It is sufficient to say that the baggage-master in respect to this evidence is contradicted by the plaintiff, and other witnesses, and the question of credibility was for the jury. It it is quite evident that the plaintiff did not understand that she was making a new contract with the baggage-master for the custody of the trunk, and it was for the jury to say, whether anything occurred to terminate the legal custody of the property after it was received by the defendant at Rochester, before the mis-delivery, which has given occasion for this controversy. The liability of the defendant is not disputed, if at the time of the mis-delivery, the trunk was in its custody. (*Ostrander* v. *Brown*, 15 J. R., 39 ; *Powell* v. *Myers*, 26 Wend., 591 ; *Hawkins* v. *Hoffman*, 6 Hill, 586 ; *Burnell* v. *N. Y. C. R. R. Co.*, 45 N. Y., 189.)

This case came before the court on a previous occasion, on an appeal from a judgment rendered upon a former verdict. (57 N. Y., 552.) The facts now appearing, differ in some material respects from the facts then disclosed, and the court reversed the former judgment in part at least upon an exception to the charge upon a point which does not now arise.

There are several exceptions to the charge of the judge on this trial, but they do not call for special comment.

The judgment should be affirmed.

All concur.

Judgment affirmed.