SAMUEL C. REED, Appellant, *against* JAMES CROWE *et al.*, Respondents.

(Decided April 13th, 1885).

Defendants, who were warehousemen, received from plaintiff for storage, a trunk containing clothing and other articles, all, at the time of delivery to them, in good order and condition. When the trunk was returned by

them to plaintiff, about five weeks afterwards, the contents were saturated with water, and so soaked, mildewed, and some of the articles so rotten, as to indicate either that the trunk had been immersed in water or that the water had permeated it gradually. *Held*, that these facts warranted the presumption that there must have been a want of ordinary care on the part of defendants while the trunk was in their custody, and that, in the absence of any explanation by them of how the injury occurred, they should be held liable to plaintiff for the damage therefrom.

APPEAL from a judgment of the district court in the City of New York for the Eighth Judicial District.

The facts are stated in the opinion.

*Wm. H. Blain*, for appellant.

*J. Hardy*, for respondents.

CHARLES P. DALY, Chief Justice.—The trunk was in the custody of the defendants, as warehousemen, who were bound to the exercise of ordinary diligence. In such a case, if the warehouseman is unable to deliver the property intrusted to him, or delivers it materially injured, or does not, in the one case, account for its loss, or explain, in the other, how the injury happened, the presumption must be that there was a want of due care; and that the loss or the injury was due to his negligence (*Arent* v. *Squire*, 1 Daly 350; *Fox* v. *Pruden*, 3 Daly 189; *Burnell* v. *New York Central R. R. Co.*, 45 N. Y. 189, 190; *Collins* v. *Bennett*, 46 N. Y. 494; *Schwerin* v. *McKie*, 51 N. Y. 180; *Fairfax* v. *New York Central &c. R. R. Co.*, 67 N. Y. 14). If he accounts, however, for the loss or the injury, as where he shows that the property was destroyed by fire (*Lamb* v. *Camden & Amboy R. R. &c. Co.*, 46 N. Y. 271), or was stolen by burglars (*Claflin* v. *Myer*, 75 N. Y. 260); then, as a loss by a fire or a burglary warrants no presumption of want of care on the part of the warehouseman, the plaintiff, to recover, in such a case, must establish affirmatively that the loss was due to the warehouseman's negligence.

The defendants are the proprietors of an express company, which, in addition to the transportation of trunks, packages, etc., also receive baggage and other personal property on storage. They had on storage a trunk belonging to the plaintiff, which he sent for; and, upon its being brought to his hotel, he took out what was in it and re-filled it with clothing, in good order and condition, locked it up, and re-delivered it to the defendants' messenger, to be continued on storage until called for. The trunk was placed in the hall of the hotel, near the room which the plaintiff occupied, from which place the defendants' messenger or cartman took it. He brought it to the company's office and put it on the sidewalk, in front of their office, where it remained for an hour, after which it was removed to a one-story wooden building in the rear of the defendants' dwelling, which was used exclusively for the purpose of storing property. It remained there for about five weeks, when the plaintiff sent for it, and, upon opening the trunk, he found the articles it contained, which were chiefly clothing, so saturated and soaked with water and affected by mildew, that some of the things were rotten. As he described it, everything was soaking wet, so that he could take stockings that were new and wring the water out of them, which was also the case with a dress coat and a satin dressing-gown. The plaintiff testified that when he showed the interior of the trunk to one of the defendants, he acknowledged that it was in a dreadful condition. He said that it was a mystery to him how the things had got wet; that he would investigate the matter, talk with his brother about it, and if they thought that the fault was theirs, they would reimburse the plaintiff. The defendant referred to testified that he did look into the matter, and "when he found the thing could not have happened" by the defendants' fault, he told the plaintiff that he could not compensate him. He did not, however, explain how the injury could not have happened by the fault of the defendants or their agents, farther than by describing the building in which the property was kept. It was, as has been said, a one-story building, 30 feet

Reed *v.* Crowe.

long, 12 feet wide, and 13 feet high, the rear wall of which
was of brick, the other sides of wood, and the roof of tin.
The tin roof was repaired twice a year, and had been re-
paired, as he first testified, about three months before the
trial, which would have been whilst the trunk was on stor-
age.   He testified afterwards, however, that he could not
tell exactly whether it was before the trunk was received
by them or subsequently, but he " guessed " it was before ;
and finally, when asked if it was only a guess, he said
" no," he was " positive." He also testified that he was
positive that there was no leak during the time that the
trunk was in storage—that is, between the 30th of June
and the 30th of August, because the defendants " were
there all the time looking out for any leaks that might
occur in the building." The messenger or cartman who
received the trunk from the plaintiff testified that he took
it from the hall of the hotel, not far from the plaintiff's
room, put it on the wagon, and took it to the defendants'
office ; that he left it for an hour on the sidewalk in front
of their store, after which he took it to the place where it
was stored ; that whilst he had the custody of it, he took
good care of it, so that no damage might happen to it, and
that it was perfectly dry on the sidewalk where he left it.
The plaintiff's testimony was most explicit as to the condi-
tion of the contents of the trunk when he locked it up for
delivery to the defendants' messenger ; and the testimony
was equally explicit that there was no dampness nor wet in
or about the hall where it was placed before it was taken
by defendants' messenger, although repairs were being made
in other parts of the hotel.   The plaintiff told the defendant,
who called upon him, that he thought the trunk had been
lying in the water, which had soaked up and into the goods,
and the defendant replied that that could not have happened
in his place.   The plaintiff testified further, that the effect
of the wet and mildew was such that he was afraid to wear
some of the things, they were so rotten, that he would have
broken them to pieces if he had attempted to wear them.

Upon this state of facts, the judge gave judgment for the

Reed v. Crowe.

defendants, upon the assumption, as we are told by the appellant's counsel, that the plaintiff had failed to prove that the injury to the contents of the trunk was due to the defendants' negligence.

This was erroneous. The testimony showed conclusively that when the trunk was delivered to the defendants' messenger, the contents were in good order and condition, and when returned to the plaintiff, that the articles were in the state above described; so that the injury, whatever may have been the cause of it, must have occurred whilst the trunk was in the defendants' custody. The things in the trunk were so soaked, mildewed, and some of them so rotten, as to indicate either that the trunk had been immersed in water, or that the water had permeated it gradually. for the things to be found in the condition in which they were. As the defendants could not, or did not, account for the fact that the articles contained in the trunk, which were in good order and condition when the trunk was intrusted to them for safe-keeping, were found, when the trunk was restored by them to the owner, greatly damaged by water, it warranted the presumption that there must have been a want of ordinary care whilst the trunk was in their custody. If they could give no explanation of how this injury occurred, they should be held responsible for the damage, upon the assumption that it must have been through their negligence.

The judgment should be reversed.

VAN HOESEN, J., concurred.

Judgment reversed.