### ROME RAILROAD *vs.* WIMBERLY.

CASE, FROM FLOYD.  Railroad.  Damages.  Negligence.  Baggage.  (Before Judge Simmons.)

Hall, J.—1.  So long as the custody of baggage is incident either to a past or prospective transportation of the passenger, the company must be regarded at least as a bailee for hire, the fare paid extending to both the transportation of the passenger and his baggage, and the storage of the latter for a reasonable time thereafter, so as to meet any ordinary exigency of travel, and to recover for the loss of such baggage, it would not be necessary to show gross neglect ; 2, Redf. L. Rwys., 44, 45; Schouler on Bailments, 414, 515, 516.

(a)  A passenger traveled a portion of the way to her destination by one railroad, and on the next morning resumed her route by another connecting road, which used the same baggage room and platform as the first, her trunk remaining in the baggage room all night, and she retaining the check; and before the train on the second road left, an employe of the first took the check, agreeing to place the trunk in proper position for transportation, but on reaching her destination, it was found not to have been put on board the train.  On inquiry at the depot, the agent of the first road stated that the trunk had been left, and had been put back in the baggage room.  On demand for it, it could not be found, and suit was brought:

Held, that the storage of the trunk for a night was not an unreasonable length of time, and if it was removed the next morning from the room to the platform for the purpose of being sent forward with the passenger on the other road, and the company's agent undertook to perform this duty, but neglected it, the company would be liable, if not as a common carrier, for want of extraordinary care, at least as a bailee for hire, for want of ordinary care.

2. The company could not relieve itself of responsibility without in some manner accounting for the loss of the trunk and showing how it left its custody. Its failure to do this would warrant the inference that the trunk was stolen by its servants or was lost in consequence of their gross neglect. Nor is the charge of negligence fully met by evidence produced to show that the building used for the storage of baggage was safe and secure, in charge of trusty agents and servants, and properly guarded by day and night. 45 N. Y., 184 and cit., (6 Am. R., 65).

Judgment affirmed.

Junius F. Hillyer; D. S. Printup, for plaintiff in error.

C. A. Thornwell; C. N. Featherstone, for defendent.