is another and separate offense against the peace and good order of the state. It is an inducement to moral laxity and to crime, and is within the letter and spirit of the sections of the Penal Code here under consideration.

No errors prejudicial to the defendant appearing in the record, the judgment of conviction is affirmed. All concur.

---

(119 App. Div. 86)

### KRESSIN v. CENTRAL R. CO. OF NEW JERSEY.

(Supreme Court, Appellate Division, Second Department. April 26, 1907.)

1. CARRIERS—PASSENGER'S BAGGAGE—CARRIER AS WAREHOUSEMAN—CHARGES AND LIEN.

Where a railroad has ceased to be a common carrier, and has become a warehouseman, it has a lien on baggage left in storage for storage charges, and may detain the goods until the lien is paid, under Laws 1897, p. 533, c. 418, § 73, providing for warehousemen's liens.

2. SAME.

Where baggage is carried on the train with the passenger, so that he is present upon its arrival, he must take it away as soon as practicable; and if, for his own convenience, he chooses to leave it with the carrier, the latter becomes a warehouseman.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1539–1543.]

3. SAME—REASONABLE TIME TO REMOVE BAGGAGE—QUESTION OF LAW.

In an action against a common carrier, the question as to what constitutes a reasonable time in which to remove baggage after arrival at passenger's destination, where the facts are undisputed, is a question of law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1571.]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Louis Kressin against the Central Railroad Company of New Jersey. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

Ethelbert I. Low (Benjamin R. C. Low and Arthur S. Hamlin, on the brief), for appellant.

Alfred B. Osgoodby, for respondent.

MILLER, J. This case involves the right of the defendant to a lien for storage of baggage after its arrival at its destination. The plaintiff and his baggage, a small telescope valise, reached New York on one of the defendant's trains at 1:24 a. m. Sunday. At 9 a. m. the next day he sent a boy for the baggage, who went to the wrong place, and at 2 p. m. he himself called for the baggage, but was not allowed to take it without paying 25 cents storage charges. His excuse for not getting the baggage on his arrival was that he had a toothache and wanted to have the tooth pulled. The action is for conversion. Plaintiff had judgment, and the defendant appeals.

The respondent claims that a common carrier cannot have a lien for storage of baggage under any circumstances, because it is not engaged exclusively in the business of storing goods. This contention is based on chapter 526, p. 891, of the Laws of 1885; but the statute in force now (section 73, c. 418, p. 533, Laws of 1897) entitled the defendant to a lien, provided it had ceased to be a common carrier and had become a warehouseman. This depends entirely upon whether the plaintiff had had a reasonable time to remove the baggage (Burnell v. N. Y. C. R. R. Co., 45 N. Y. 184, 6 Am. Rep. 61); and, the facts being undisputed, this was a question of law (Hedges v. H. R. R. Co., 49 N. Y. 223). I think the rule is settled in this state that where the baggage is carried on the train with the passenger, so that he is present upon its arrival, he must take it away as soon as practicable, and if, for his own convenience, he chooses to leave it with the carrier, the latter becomes a warehouseman. See cases cited supra; Roth v. Buffalo & State Line R. R. Co., 34 N. Y. 548, 90 Am. Dec. 736; Fenner v. Buffalo & State Line R. R. Co., 44 N. Y. 505, 4 Am. Rep. 709; Mortland v. Philadelphia & R. R. R. Co., 81 Hun, 473, 30 N. Y. Supp. 1021; Graves v. Fitchburg R. R. Co., 29 App. Div. 591, 51 N. Y. Supp. 636.

The reason for the rule as stated by the cases cited is obvious. The strict liability of the carrier should not be continued longer than the contract of carriage contemplates. It contracts to carry the goods and deliver them to the consignee, and during the time necessary for the performance of that contract is an insurer; but that liability should not continue after the consignee has had an opportunity to receive the goods, if the latter, for purposes of his own, chooses to treat the carrier as a warehouseman. The plaintiff could have taken his baggage immediately upon its arrival. He saw fit to store it with the defendant, and the situation is the same as though he had obtained his baggage and stored it with some other warehouseman.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.