The order, therefore, in so far as it granted leave to the substituted plaintiffs to serve an amended complaint, was unauthorized. If the decedent had that right, and the time for serving the pleading had not expired, the executors, upon being substituted, took his place, and might serve the pleading under the original authority which the decedent had and without further order of the court; and if they need further time, or the time has expired, they may apply to the court for an extension of time or to open his or their default.

It follows that the order should be modified, by striking out the provision authorizing the plaintiffs to serve an amended complaint within 20 days, and, as so modified, affirmed, without costs.    All concur.

---

### MOFFAT v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department.   January 10, 1908.)

1. CARRIERS—BAGGAGE—LIABILITY.

A railroad company's liability for baggage is that of a common carrier from the time the baggage is received until it arrives at the station of its destination and the passenger has had reasonable opportunity to take it away, acting promptly. After that the liability is reduced to that of warehouseman, requiring the exercise of ordinary care only.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1519–1543.]

2. SAME—ACTION FOR LOSS—QUESTION FOR JURY.

In an action against a carrier for the value of articles taken from a passenger's trunk by burglars after its arrival at the station of its destination, *held*, under the evidence, a question for the jury whether plaintiff called for the trunk within a reasonable time.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1571.]

3. SAME.

A carrier's practice of giving checks in exchange for transfer company checks amounts to an agreement to receive the baggage when it arrives and check it to its destination seasonably, and contemplates that it may not go by the train the passenger takes; and hence the carrier's liability for the baggage so checked is not lessened because it does not go on the same train.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1508.]

4. SAME—NOTICE OF ARRIVAL—NECESSITY.

A carrier need not notify a passenger of the arrival of his trunk at its destination, in order to terminate its obligation as common carrier on his failure to call for it within a reasonable time.

Appeal from Nassau County Court.

Action by William L. Moffat against the Long Island Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

The action was to recover damages for the loss of articles from the plaintiff's trunk which the defendant had received and carried as baggage.

The plaintiff arrived in New York City by train from Montreal on the morning of August 29, 1906. Following the usual course, he gave his baggage check for one trunk to Westcott's Express Company—a baggage transfer company in the city of New York—to be transferred to the station of the defendant at the foot of East Thirty-Fourth street. He then went to the said station, purchased railroad tickets of the defendant for himself and wife to their

home at Manhasset, Long Island, showed them to the baggage agent, and delivered to him the check of the transfer company, which he received, and in exchange gave to the plaintiff a check of the defendant for the said trunk as baggage to Manhasset. Nothing was done to ascertain whether the trunk was there. This was all according to the usual course established by the defendant. The plaintiff took the defendant's boat which left the said station at 10:50 a. m. to connect with a train from Long Island City on the other side of the East river to Manhasset. He arrived at the Manhasset station in about an hour. He did not ask for his trunk, but immediately drove to his house, a mile and a half distant. The trunk did not come by the train he came by. He did not expect that it would. He testifies that he did not expect it to arrive sooner than from 24 to 30 hours from the time he left Montreal (viz., the evening before), as it was customary for trunks from Montreal to take that time at that season of the year. He came back to the station that evening at 6 o'clock to meet his brother who came from New York City by train at 6:05. He did not then ask for his trunk, or have the check for it with him, which had to be presented and delivered up on getting the trunk. He next went to the station at 7:20 the next morning to bring his brother to the train. His trunk was there then. It had arrived by regular train at 6:27 the evening before. The station was closed for the night at 7:04. The trunk was kept over night in the express room, which was locked. The station was locked also. During the night burglars broke in and robbed the station. They broke open the plaintiff's trunk and took part of the contents. The station agent informed the plaintiff of the burglary on his arrival, and on examination the plaintiff found his trunk there. He did not have the check for it with him, and did not come to get the trunk. The agent delivered it to him without the check.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Matthew J. Keany, for appellant.
Theodore .L. Frothingham, for respondent.

GAYNOR, J. The learned trial judge ruled that the defendant was liable for the loss and directed a verdict for the plaintiff. In this he erred. The liability of a railroad company for baggage is the strict liability of a common carrier from the time it receives the baggage until it arrives at the station of its destination, and then until the passenger has had reasonable time and opportunity to take it away, acting promptly. After that its liability ceases to be that of common carrier, i. e., absolute, act of God or of public enemy only excepted, and its obligation is reduced to that of ordinary care. Kressin v. Central R. of N. J., 119 App. Div. 86, 103 N. Y. Supp. 1002; Burnell v. New York Central R. Co., 45 N. Y. 184, 6 Am. Rep. 61; Matteson v. New York Central & H. R. R. Co., 76 N. Y. 381.

It was a question of fact whether the plaintiff had called for his baggage within a reasonable time. He says he did not call for it because he did not expect it sooner than 24 to 30 hours from the time he left Montreal, as it was customary for baggage to take that time from Montreal at that season of the year; but the jury were not obliged to believe this, no matter how much we would be disposed to from the high character of the plaintiff. Unless it was so the plaintiff did not use due diligence and promptness in calling for his baggage. And if it be so, the 24 hours from the time he left Montreal must have expired some time the evening previous to the morning he got his trunk, viz., the evening of August 29th. The exact hour of

his leaving Montreal on the evening of August 28th not having been fixed by the evidence, it is impossible to know when the 24 hours would be up. If the trunk could have been reasonably expected to arrive, as it did, at 6:27 o'clock on the evening of August 29th, then the plaintiff should have attended on the coming of that train and got his trunk. His failure to do so did not release the defendant from duty to him to care for his trunk, but only reduced its obligation from that of common carrier to that of ordinary care of warehousing the trunk. This is entirely just. The strict obligation of a common carrier as such should not be continued any time whatever after it has performed all of its duties as common carrier. The law then relieves it of its liability as insurer of freight and baggage, and subjects it to the liability of due care of a warehouseman.

The liability of the defendant was in no way lessened by the fact that the baggage did not go by the same train the plaintiff went by. The course of business of the railroad company in giving its checks in exchange for checks of transfer companies amounts to an agreement by it that it will receive the baggage for the passenger when it arrives and check it to its destination seasonably, and this contemplates that it may not go by the train that the passenger takes. Curtis v. D., L. & W. R. Co., 74 N. Y. 116, 30 Am. Rep. 271; Williams v. Central R. Co. of N. J., 93 App. Div. 582, 88 N. Y. Supp. 434, affirmed 183 N. Y. 518, 76 N. E. 1116. There was no obligation on the defendant to notify the plaintiff of the arrival of his trunk in order to terminate its obligation of common carrier.

The judgment and order should be reversed.

Judgment and order of the County Court of Nassau county reversed, and new trial ordered; costs to abide the event. All concur.