Demurrer overruled, with costs, with leave to defendant to withdraw same and to answer, upon payment of costs, within twenty days after service of interlocutory judgment and notice of entry thereof.

---

Roy W. Gausmann, Respondent, *v.* The New York Central & H. R. R. R. Co., Appellant.

(County Court, Ulster Special Term, April, 1909.)

Carriers — Carriage of goods — Carrier as warehouseman — Goods awaiting delivery to consignee; Burden of proving negligence.

Where a passenger's trunk arrived, about noon, at the railway station at its destination, but was not called for by an express-

man until ten minutes after six o'clock p. m., a time when the station is customarily closed, the liability of the carrier is that of a warehouseman from the time when the trunk was placed in its baggage room ready for delivery; and where during the night the station was burglarized and certain articles were taken from the trunk, in the absence of negligence on its part the carrier is not liable.

APPEAL from the City Court of the city of Kingston, from a judgment rendered upon a trial before the city judge without a jury, in favor of the plaintiff-respondent.

Amos Van Etten, for appellant.

Milton O. Auchmoody, for respondent.

CANTINE, J.   Mabel Gausmann, the wife of the respondent, together with her trunk, was carried by the appellant from Kingston to Bogota, and arrived at the latter station upon the same train about noon.   Mrs. Gausmann inquired of the station agent for an expressman and, being told there was none present, but that one could be obtained at Leona, a distance of some two and a half miles, Mrs. Gausmann went to that place and, at about three o'clock in the afternoon, employed an expressman to get the trunk.   It was the custom of the appellant to close its station at six o'clock in the afternoon.   The evidence does not disclose whether this custom was known to Mrs. Gausmann, she stating that she supposed the station closed at seven o'clock, although she is unable to state how she acquired that information.

At six ten the expressman called for the trunk at the station and found it closed.   During the night the station was burglarized, and certain articles were taken from the trunk. There was no evidence of negligence upon the part of the defendant.

The rule of law covering cases of this class is well expressed by Judge Gaynor, in the case of Moffat v. Long Island R. R. Co., 123 App. Div. 719 : " The liability of a railroad company for baggage is the strict liability of a common car-

rier from the time it receives baggage until it arrives at the station of its destination, and then until the passenger has had reasonable time and opportunity to take it away, acting promptly. After that its liability ceases to be that of common carrier, *i. e.,* absolute, act of God or of public enemy only excepted, and its obligation is reduced to that of ordinary care (Kressin v. Central R. R. Co. of N. J., 119 App. Div. 86; Burnell v. New York Central R. R. Co., 45 N. Y. 184; Matteson v. New York Central & H. R. R. R. Co., 76 id. 381)."

The difficulty lies in the application of the rule, there being no possible definition of what is reasonable time, or acting promptly. So long as general expressions of this nature are used, controversies will arise, the determination of which will be involved in doubt.

Whether the common carrier is liable to the highest degree of care, or ordinary care, should not be uncertain. When the baggage is delivered at its point of destination and placed in the baggage room of the carrier ready for delivery, the duty of the carrier as an insurer should end and the duty of ordinary care begin. From that moment, the delay, if any, is caused by the owner.

It should not be the duty of courts to determine whether the owner could or could not have found an expressman within a given time, or to examine the reasonableness of the thousand and one causes that may be conceived why the owner did not remove his baggage and from such determination either impose upon or discharge the carrier from liability.

The sole question should be: Was the baggage so placed at the point of destination that it could be delivered to the owner upon demand? We then emerge from doubt and determine the question of liability upon settled principles of law.

The courts have not held this to be the line of responsibility, although the tendency in that direction is plain; and this court is, therefore, asked to determine what is reasonable time, or acting promptly.

Under the facts as found in the court below it does not seem that the respondent acted promptly, and the appellant's liability was, therefore, that of a warehouseman.

Judgment reversed, with costs.

Judgment reversed, with costs.