### CHURCH v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Term. May 7, 1909.)

1. CARRIERS (§ 404*)—PASSENGER'S EFFECTS—LOSS OF BAGGAGE—LIABILITY OF CARRIER.

Failure of a passenger to call for baggage within a reasonable time after its arrival relieves the railroad company of its obligation as a common carrier and substitutes the liability of a warehouseman.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1542; Dec. Dig. § 404.*]

2. CARRIERS (§ 408*)—PASSENGER'S EFFECTS—LOSS—BURDEN OF PROOF.

In an action against a carrier to recover for articles taken from her trunk after its arrival at the station to which it was sent, where there is no allegation or proof of negligence, the burden of showing reasonable diligence in calling for her trunk is on plaintiff.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1562; Dec. Dig. § 408.*]

3. CARRIERS (§ 408*)—PASSENGER'S EFFECTS—DILIGENCE—QUESTION FOR JURY.

In an action for articles taken from plaintiff's trunk after its arrival at the station to which it was checked, the question whether plaintiff called for her baggage within a reasonable time is one of fact; the evidence showing that the baggage reached the station about 1 o'clock p. m., that plaintiff arrived at 6:30 p. m., that the station was open until 10:30 p. m., that plaintiff was unable to get an expressman to deliver the trunk at night, and did not call for it until the next morning.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1571; Dec. Dig. § 408.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Mary E. Church against the New York Central & Hudson River Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Alex. S. Lyman (Wm. Mann, of counsel), for appellant.

Reuben M. Cohen, for respondent.

PER CURIAM. The action was brought to recover for the loss of certain articles of wearing apparel and other personal property which were stolen from plaintiff's trunk while the same was in defendant's station at Scarsdale. The trunk was delivered to the defendant on June 25, 1908, in the morning. It was duly checked to Scarsdale, reached that place at about 1 o'clock p. m. the same day, and was placed in the baggage room. The plaintiff reached Scarsdale at about half past 6 o'clock in the afternoon of the same day. The station was open till 10:30 p. m. Plaintiff testifies that she tried to get an expressman to deliver the trunk that night, but that there was only one expressman in the place, and she could not get him. When she called for the trunk the next morning, she learned that during the night the baggage room had been broken into, the trunk broken open, and the articles for whose value she is now suing abstracted. The defendant proved that the station was properly locked by the man in charge when he went off duty for the night. There was evidence tending to show that this was not the first time when the Scarsdale station had been burglarized. It further appears from plaintiff's cross-examination that on the following morning she was still unable to get an expressman, but went to the station in the carriage of the friend whom she was visiting, accompanied by a wagon to bring back the trunk.

The case turned solely upon the question whether or not the plaintiff had called for her trunk within a reasonable time after its arrival at the station. Her failure to do so, under the well-settled rule, would relieve the railroad of its obligation as a common carrier and substitute the liability of a warehouseman; and, there being no allegation or proof of negligence, the plaintiff must fail, unless she can convince the court that she has been reasonably diligent in calling for her trunk. But this question as to whether or not plaintiff had called for her baggage within a reasonable time has been recently held to be a question of fact. Moffatt v. Long Island R. R. Co., 123 App. Div. 719, 107 N. Y. Supp. 1113. The question has been settled by the trial court in favor of the plaintiff, and, there being no questions of law presented for review here, we are not warranted in reversing the judgment. The Moffatt Case is distinguishable, for the reason that no attempt was shown on the part of the plaintiff there to recover his baggage until the following day.

Judgment affirmed, with costs.