CANTER, Respondent, v. MENDELSOHN, Appellant. (Supreme Court, Appellate Division, Second Department. November 19, 1909.) Action by Abraham Canter against Homan T. Mendelsohn. No opinion. Judgment of the Municipal Court affirmed, with costs.

CARLETON v. UNION TRANSFER CO. ADAMS v. H. KOEHLER & CO. (Supreme Court, Appellate Division, First Department. November 5, 1909.) Actions by Bertha J. Carleton against the Union Transfer Company and by Henrietta Adams against H. Koehler & Co. No opinions. Applications granted. Orders signed. See, also, 119 N. Y. Supp. 761.

CARPENTER, Appellant, v. GREEN, Respondent. (Supreme Court, Appellate Division, Third Department. November 10, 1909.) Action by Ira B. Carpenter against James Green, as trustee, etc., of James H. Carpenter, deceased. No opinion. Judgment unanimously affirmed, with costs.

CARRADINE, Respondent, v. TAGGART, Appellant. (Supreme Court, Appellate Division, First Department. November 12, 1909.) Action by Genevieve R. Carradine, as administratrix, against Thomas Taggart. G. Sumner, for appellant. C. O. Maas, for respondent.

PER CURIAM. Judgment reversed, and new trial ordered, costs to appellant to abide event, unless plaintiff stipulates to reduce verdict to $1,500, in which event judgment as so reduced, affirmed, without costs. Settle order on notice.

SCOTT, J., dissents, voting for reversal.

CARTER v. BUILDERS' CONST. CO. (Supreme Court, Appellate Division, First Department. November 5, 1909.) Action by William Carter against the Builders' Construction Company. No opinion. Motion denied, with $10 costs. See, also, 119 N. Y. Supp. 670.

CASSIER, Respondent, v. REVILLON FRERES, Inc., Appellant. (Supreme Court, Appellate Division, First Department. November 5, 1909.) Action by Leon Cassier against Revillon Freres, Incorporated. O. F. Hibbard, for appellant. M. Leon, for respondent.

PER CURIAM. Judgment and order reversed, and new trial ordered, costs to appellant to abide event, unless plaintiff stipulates to deduct $279.15 from verdict, in which event judgment, as so reduced, and order, affirmed, without costs. Settle order on notice.

In re CENTRAL TRUST CO. OF NEW YORK. (Supreme Court, Appellate Division, Third Department. November 10, 1909.) In the matter of the application of the Central Trust Company of New York for a peremptory writ of mandamus against Clark Williams, as Superintendent of Banks. No opinion. Order affirmed, with costs.

In re CHILDS. (Supreme Court, Appellate Division, First Department. December 3, 1909.) In the matter of Herbert H. Childs. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

CHURCH, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, First Department. December 3, 1909.) Action by Mary E. Church against the New York Central & Hudson River Railroad Company. W. Mann, for appellant. R. M. Cohen, for respondent.

PER CURIAM. Determination (116 N. Y. Supp. 560) affirmed, with costs. Order filed.

INGRAHAM and McLAUGHLIN, JJ., dissent.

CITY EQUITY CO., Respondent, v. BODINE, Appellant, et al. (Supreme Court, Appellate Division, Second Department. November 19, 1909.) Action by the City Equity Company against William H. J. Bodine and another. No opinion. Order affirmed, with $10 costs and disbursements.

CITY OF GLENS FALLS, Respondent, v. MORRISON SHIRT & COLLAR CO., Appellant. (Supreme Court, Appellate Division, Third Department. November 10, 1909.) Action by the City of Glens Falls against the Morrison Shirt & Collar Company. No opinion. Judgment unanimously affirmed, with costs.

CLARK et al. v. KIRKLAND. (Supreme Court, Equity Term, Lewis County. July, 1908.) Action by John F. Clark and James Hughes against James Kirkland to remove a cloud on title. Judgment for plaintiffs. For opinion of Appellate Division, affirming the judgment, see 133 App. Div. 826, 118 N. Y. Supp. 315. Lindsley & Mackie, for plaintiffs. Davies, Johnson & Wilkinson, for defendant.

ROGERS, J. The plaintiffs claim title to a piece of woodland in the town of Osceola, Lewis county, acquired by purchase from Frank Kumrow, Edward Cole, and James N. Finch, by deed dated August 26, 1901, but not acknowledged by Finch until June 11, 1903, whose title, if any, was by a warranty deed dated November 15, 1900, from D. B. Sperry—the last-mentioned deed covering the whole of lot No. 71, township 13, Boyleston's purchase, and said deed of August 26, 1901, covering the northerly one-third of said lot. Sperry's title came from a purchase at a tax sale. The defendant claims title through a deed from the treasurer of Lewis county, dated November 10, 1903, on a sale for the taxes assessed in 1901. The county treasurer's sale was October, 1902. The plaintiffs claim the land was occupied at, and subsequently to, the sale; that no notice