Morton M. Z. Lynn, J.
On March 28, 1976, the plaintiff arrived at the Albany County Airport, picked up his luggage and sought ground transportation to a motel in the City of Albany. The defendant maintains a taxi and limousine service. Indeed, although there are some cruising cabs from competitors, the defendant has the exclusive franchise for parking cabs at the main entrance from the Albany County Airport Terminal Building.
*681 Concededly, the plaintiff spoke to one Mr. Zeoli, the defendant’s dispatcher, about transportation. The plaintiff testified that Zeoli said a cab would be ready in a few minutes. Later Zeoli assigned plaintiff to a limousine. Between the conversation in which Zeoli told plaintiff a cab would be ready and the time he actually assigned the limousine, someone (never identified) came between Zeoli and the plaintiff and said, "Sir, let me take your bag”, took plaintiff’s luggage and walked off with it. Apparently that "someone” was a thief, as the bag has not since been seen by the plaintiff.
The plaintiff claims Zeoli must have heard the conversation, and that the passage of the bag to the stranger under these circumstances created a bailment, since Zeoli owed the plaintiff a duty to protect the luggage, and that Zeoli’s failure to stop the thief renders defendant liable for the loss.
Assuming all these facts to be true (and not all were so conceded by the defendant) and viewing them in the most favorable light for the plaintiff, and assuming that a bailment was in fact and in law created, the court is nevertheless constrained to dismiss the complaint. Absent a special contract, a bailee (even a bailee for hire) is not an insurer of the goods. (Siegel v Spear & Co., 234 NY 479.) Liability for loss of goods in the hands of a bailee is cast in negligence. The failure of a bailee to produce the bailed property on demand establishes negligence prima facie and the burden of accounting for the loss falls on the bailee. (Burnell v New York Central R.R. Co., 45 NY 184.) But in a negligence case under the pre-September, 1975 law, contributory negligence, however slight, on the part of the plaintiff would prevent his recovering for his damages and a bailment case is no exception to this rule. (Osborn v Cline, 263 NY 434.) Post-September 1st, 1975, the only change would be an apportionment of the damages, rather than an absolute dismissal.
The plaintiff testified that from the moment he heard the words, "Sir, let me take your bag”, and surrendered it to the man who asked, and observed him walking off to the right where a line of cabs was waiting, he saw nothing further of the bag. Certainly at that time the plaintiff knew no cab had been assigned to him and even the slightest prudence should have impelled him to inquire where the man was taking the bag, since he could not have been taking it to the cab, or at least to make some observation of the man’s destination. On the other hand there is nothing in the testimony to indicate *682 that Zeoli would have any reason to think that the intruder was, in fact, a thief. While he apparently was not a cab company employee, for all Zeoli knew, he might have been a friend of the plaintiff offering to share the burden of carrying the bag.
Thus, if the court were to find the defendant to be a bailee, the court would have to find on all of the testimony that there was no negligence on the part of the defendant and that the loss was wholly due to the negligence of the plaintiff in failing to protect his property.
Accordingly the claim is dismissed.