## Mote v. The Chicago & N. W. R. R. Co.

1. Railway companies: LIABILITY AS CARRIERS FOR BAGGAGE. The liability of a railway company, as a common carrier, for the baggage of a passenger, terminates upon the expiration of such reasonable time after its arrival at the place of destination as will enable the traveler to receive and take charge of the same.

2. —— In determining what would be a reasonable time, the customs of the company, the manner of transporting baggage from the

station, and all the circumstances surrounding the case, should be considered.

3. —— LIABILITY AS WAREHOUSEMEN. Where baggage is unclaimed within a reasonable time after its arrival at the place of destination, it is the duty of the company to store it in a proper and secure place until called for; and when thus stored the liability of warehousemen attaches to the company, and its liability as carrier ceases.

4. —— DUTIES AS WAREHOUSEMEN. The obligation of the company as a warehouseman is to take common and reasonable care of the property intrusted to its charge, and exercise toward it such diligence as men usually exert in respect to their own concerns. It would be liable for theft if it were the result of a want of proper care.

5. ——RULE APPLIED. The baggage of a traveler was not claimed after its arrival at the point of destination. After remaining on the platform for several hours, it was removed by the station-agent into a room, which was the only place for storing baggage connected with the station, and which was not a secure place for keeping such property, the door being so imperfectly fastened as to constitute no hinderance to any one desiring to enter, and the building left without a watch. During the night the trunk was broken open and rifled. *Held*, that the company were liable.

6. Damages: INTEREST ON. The general rule that interest cannot be recovered on unliquidated damages has been much modified by modern decisions, and *it seems* that, under the rule as now understood, and the provisions of our statute (Revision, § 1787), interest is recoverable on the value of property lost by a bailee from the date of such loss.

*Appeal from Marshall District Court.*

MONDAY, APRIL 12.

ACTION to recover for the loss of certain wearing apparel stolen from the trunk of plaintiff, while the same was in the possession of defendant.

Verdict and judgment for plaintiff. Defendant appeals.

*Henderson & Binford* for the appellant.

*Boardman & Brown* for the appellee.

Beck, J. — I. The plaintiff was a passenger upon the train of defendant, going from Marshall to Le Grand, a small village and unimportant station upon defendant's railway. He had with him a trunk containing wearing apparel, which was " checked," as was the custom upon the railway, to be delivered at Le Grand, the place of his destination. Before the train reached the station house at Le Grand, plaintiff left the car, being enabled so to do on account of the slow rate at which the train was running, and his trunk was taken to the station house and left by the baggage master of the train upon the platform, where it remained several hours ; not being called for, it was removed by the agent of defendant, in charge of the station house, into a room, the only place for storing such baggage, connected with the station.

It appears that this building was temporary in its construction, and was not, in fact, a secure place for keeping such property. The door was left unlocked, or was secured in such a manner that it was no hinderance to any one wishing to enter the building. It could be readily opened by any one. At night the building was left without a guard or watch, and no one occupied it. During the night time the trunk of the plaintiff was broken open, and wearing apparel to the value of $71.15 was stolen therefrom. The plaintiff did not call for his trunk until the second morning after it had been left at the station.

The counsel of defendant insists that under this state of facts, no liability arises against defendant, on account of the loss sustained by plaintiff. It is claimed that it was the duty of plaintiff to call for and receive his trunk at the station, within a reasonable time after the arrival of the train, and that his leaving the train before its arrival at the station, and failing to call for his trunk for so long a time, amount to negligence, which defeats

his right to recover; that defendant, if liable at all, is liable only in the character of a warehouseman, and as the loss was the result of theft and burglary, defendant cannot be held to respond therefor. Instructions to the jury, embodying these views, were asked for by defendant, and refused by the court. The court instructed the jury as follows. :

"5. If the jury find, from the evidence in this case, that defendant safely transported plaintiff's baggage from Marshalltown to Le Grand, and safely deposited said baggage at their depot, and held the same ready for delivery from three o'clock P. M. to six o'clock P. M. of that day, and that plaintiff did not call for it within that time, the defendant is discharged as a common carrier, and can only be held liable as an ordinary bailee, if at all.

" 6. If the plaintiff did not call for and remove his trunk within a reasonable time after its arrival at Le Grand, it was the duty of the defendant to take possession of said trunk and hold the same as an ordinary bailee, according to the usual custom, and was required to exercise reasonable care and prudence to safely protect and keep said trunk until called for.

" 7. If the jury find, from the evidence, that defendant did not exercise ordinary care and prudence, and that by reason of the negligence of defendant to put said trunk in an ordinary safe place, it was broken open and rifled of its contents, defendant would be liable to plaintiff for the fair cash value of the property lost."

These instructions, and the refusal to give those asked for by defendant, are the grounds of the errors assigned so far as they relate to this branch of the case. Other instructions upon the same points of law affecting defendant's liability were given, but are not objected to.

II. The question here presented is, as to the nature and extent of the liability of railway corporations for the

1. RAILWAY COM-PANIES: liability as carriers for baggage. baggage of a traveler at and after the completion of the journey upon which it contracts to transport him. The liability of such a carrier terminates as such upon the expiration of such reasonable time after arriving at the place of destination, as will enable the traveler to receive and take charge of his baggage.

In determining what will be reasonable time, the customs of the railway and of the station, the manner of transporting baggage therefrom, in short, the peculiar circumstances surrounding each case, must be considered, and the jury were so instructed in a separate instruction.

III. But care and liability of the company did not terminate upon arrival at the place of destination 3.—liability as warehouse-men. and holding there, for a reasonable time, the baggage of the traveler for delivery. If the baggage is not called for, the carrier cannot abandon it. It must be stored and kept with proper care until claimed. This rule is not only the result of sound reason, but required by the customs and habits of public carriers and of travelers who are transported by them. It is not always practicable or convenient for the traveler to call within the required time for his baggage, and, frequently, he may, for convenience, permit his baggage to be carried in advance to the place of destination. This may result from his stopping over on the way, a practice that is permitted by the customs of railways. The system of "checking" baggage, by which it is taken from under the personal control and oversight of the traveler, and held until the return of the "check," secures the carrier from loss, by delivering it to an improper person, and renders its identification certain. This system renders the transfer of baggage from one carrier to another obligatory, and makes necessary, proper and secure places for storing and keeping it until trans-

ferred. Such places for storage the law requires these carriers to provide.

When baggage is unclaimed within the proper time, it is the duty of the carrier to store it in such proper and 4.——duties as secure place until called for or otherwise dis- warehousemen. posed of, as required by law. *Roth* v. *B. & S. L. R. R. Co.*, 34 N. Y. 348; *Powell* v. *Meyers*, 26 Wend. 591; *Oumit* v. *Henshaw*, 35 Vt. 605; Angell on Carriers, §§ 114, 320. When the baggage is thus stored, the carrier becomes liable therefor as a warehouseman, mere bailee in deposit, and his liability as a carrier ceases. See authorities above cited; also *Frances* v. *Dubuque and Pacific Railroad Company.*

The obligation of a warehouseman is to take common and reasonable care of the property intrusted to his charge, and exercise toward it such diligence as men usually exert in respect to their own concerns. Story on Bailments, §§ 444, 11. He is not liable for theft, unless it is the result of want of proper care.

IV. The act of plaintiff, in permitting his trunk to remain in charge of defendant's agent so long without calling for it, was not such negligence on his part as will relieve defendant of responsibility for its loss. He did properly rely upon the obligation of defendant to take ordinary care of it until called for, and if the care and diligence required by law was not extended toward it, defendant is liable therefor. In the light of these doctrines the jury were correctly instructed, and the court properly refused the instructions asked by defendants.

V. The court directed the jury, that, in case they found for plaintiff, he was entitled to recover the value 6. DAMAGES: of the property, and interest thereon from the interest on. day of loss, at the rate of six per centum per annum. There was no dispute nor conflict of evidence as to the value of the property, which was $71.15. The ver-

dict is for $84.12. The jury, therefore, in obedience to the instructions, allowed interest upon the same, which was found to be the true value of the property.

It was formerly a general rule, that interest could not be recovered on unliquidated damages. But this rule has been much modified by modern decisions. See Sedgwick on the Measure of Damages, 377 *et seq.*, and authorities cited; 3 Parsons on Contracts, 105 *et seq.* And it appears to us that under the rule as now understood, and the provisions of the statute, Revision, section 1787, interest is recoverable in this case at the rate fixed by the instructions.

The amount of the value of the property lost by plaintiff became due from defendant upon the day of the loss, and was from that moment an indebtedness. It was an indebtedness, too, originating upon a contract, the contract between the bailor and bailee, and the action was brought thereon. We are of the opinion, therefore, that interest is recoverable thereon, and that the instruction upon that subject is correct.

Affirmed.