CASE 36—PETITION—SEPTEMBER 26.

# ·Louisville, Cincinnati & Lexington Railroad Co. v. Mahan.

### APPEAL FROM FAYETTE CIRCUIT COURT.

1. A RAILROAD COMPANY IS NOT LIABLE FOR UNCLAIMED BAGGAGE WHICH WAS DESTROYED BY THE BURNING OF THE DEPOT.— Arriving at his destination at half-past eight P. M., the passenger left his baggage in the custody of the agent of the company, and during the same night the depot and contents, including the baggage, were destroyed by fire. *Held*, that in order to make the company liable for the baggage so destroyed it was incumbent on the owner to show that the fire was the result of such negligence on the part of the employees of the company as would render liable a bailee for hire.

2. RAILROAD COMPANIES ARE LIABLE AS COMMON CARRIERS FOR THE BAGGAGE OF PASSENGERS until the baggage is ready to be delivered to the owner at his place of destination, and until he has had a reasonable opportunity of receiving and removing it. (Jeffersonville Railroad Company v. Cleveland, 2 Bush, 473; Redfield on Railways, section 171, subsection 3.)

3. *What constitutes such reasonable opportunity for removing the baggage* is a mixed question of law and fact, necessarily dependent upon the peculiar surroundings of each particular case.

4. The passenger, arriving at his destination at half-past eight P. M., had no right to prolong the short and rigid liability of the company of a

common carrier by leaving his baggage in the possession of its agents during the night.

5. IF THE BAGGAGE IS NOT CLAIMED AND RECEIVED IN A REASONABLE TIME, it is the duty of the company, after giving the passenger a reasonable opportunity to claim and receive his baggage, to store it in some safe place until called for.

6. *But the company holds the baggage when so stored as a warehouseman* and not as a common carrier. (Redfield on Railways, section 171, subsection 3; Roth v. Buffalo & State Line Railroad Company, 34 New York, 548.)

7. The schedule filed with the petition and made part thereof is essentially a part of the case, and the jury had the right to regard the statement of facts therein contained as admissions upon the part of the plaintiff.

JOHNSON & BROWN, . . . . . . . . . For Appellant,

CITED

Redfield on Carriers, edition of 1869, section 73.
4 E. D. Smith, 453, Vanhorne v. Kermit.
35 Vermont, 605, Quimit v. Henshaw.
34 New York, 548, Roth v. Buffalo & State Line Railroad.

C. L. CARR, . . . . . . . . . . . For Appellee,

CITED

2 Redfield on Railways, 4th edition, pages 66, 50, 51.
7 Foster (N. H.) 86, Smith v. Nashua & Lowell Railroad.
18 Wisconsin, 345, Wood v. Crocker.
4 E. D. Smith, 59, Bell v. Drew.
4 E. D. Smith, 178, Duff v. Thompson.
9 Wendell, 85, Orange County Bank v. Brown.
4 Humphrey, 419, Johnson v. Stone.
16 Illinois, 502, Rock Island Railway v. Warren.
26 Wendell, 591, Powell v. Myers.
34 New York, 548–50, Roth v. Buffalo & State Line Railroad.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

The appellee and his family were passengers on the Louisville, Cincinnati & Lexington Railroad. They paid their fare and checked their baggage from the city of Louisville to Yarnall's Station. Upon their arrival at that place, which was at half-past eight o'clock P. M., appellee presented one of his

checks and demanded a small hand-valise, which was delivered to him. His two large trunks, containing the wearing apparel of himself and family, were for his own convenience left in the custody of the agent of the company.

During the night the depot-house, in which the evidence authorizes the assumption these trunks were stored, was burned, and its contents, including appellees baggage, destroyed. The object of this action is to recover the value of this baggage.

Railroad companies are liable as common carriers for the baggage of their passengers. Such liability continues until the baggage is ready to be delivered to the owner at his place of destination, and until he has had reasonable opportunity of receiving and removing it. (Jeffersonville Railroad Company v. Cleveland, 2 Bush, 473; Redfield on Railways, section 171, subsection 3.) What constitutes such reasonable time and opportunity is a mixed question of law and fact, necessarily dependent upon the peculiar surroundings of each particular case. In this case it seems the train arrived at the point of destination at the regular hour; that all the baggage demanded was promptly delivered; and that that subsequently destroyed was left with the company's agent because the owner found it "impossible to remove it." What circumstances rendered it impossible for the appellee to remove his trunks the record does not develop; but there is nothing to indicate that the railroad company was in any degree responsible for their existence, and unless such was the case it seems to us that the reasonable rule is that the passenger had no right to prolong the strict and rigid liability of the company as a common carrier by leaving his baggage in the possession of its agent during the night. True, it was the duty of the company, after giving him a reasonable opportunity to claim and receive it, to store in some safe place until called for; but when so stored it must be deemed to hold it as a warehouseman, and not as a common carrier. (Redfield on

Railways, section 171, subsection 2; Roth v. Buffalo & State Line Railroad Company, 34 New York Reports, 548.)

Such being the law of the case, it was incumbent upon the appellee to show that the fire was the result of such negligence on the part of the employees of the company as would render liable a bailee for hire.

The instruction given by the court at the instance of the appellee excludes all idea of defense arising out of the conduct of Mahan in leaving his baggage in the custody of the company an unreasonable time after it was ready to be delivered, and its subsequent destruction without fault upon the part of the bailee, and fixes the company's liability for its value upon the isolated fact of the failure to deliver when demanded. This was error, and necessitates a reversal of the judgment. The schedule filed with the petition and made part thereof is essentially a part of the case, and the jury had the right to regard the statement of facts therein contained as admissions upon the part of Mahan.

Judgment reversed, and the cause remanded for a new trial, and further proceedings consistent with this opinion.