THOMAS E. FAIRFAX, Appellant, *v.* THE NEW YORK CENTRAL
   AND HUDSON RIVER RAILROAD COMPANY, Respondent.

Plaintiff purchased a ticket at Montreal of the G. T. R. Co. to New York, and had his portmanteau checked through. In an action to recover the value thereof and of its contents, it appeared that it was received by defendant, transported to New York, and there deposited in its baggage-room. When plaintiff demanded it it could not be found, and no account was given of the cause of the disappearance. *Held*, that, without regard to the question whether defendant became liable as common carrier, it incurred at least the responsibility of a warehouseman ; that this evidence made out a *prima facie* case of negligence; and that, therefore, a direction to the jury to render a verdict for defendant was error.

*Fairfax* v. *New York Central Railroad Company* (5 J. & S., 516) reversed.

(Argued June 13, 1876 ; decided September 19, 1876.)

APPEAL from judgment of the General Term of the Superior Court of the City of New York, affirming a judgment in favor of defendant entered upon a verdict. (Reported below, 5 J. & S., 516.)

This action was brought to recover the value of a portmanteau and contents, alleged to have been received by defendant to be transported to New York.

Plaintiff purchased a ticket at Montreal of the Grand Trunk Railway Company, from that city to New York, and had his baggage, including the portmanteau in question, checked through. The portmanteau, with the other baggage, was received by the defendant at Troy ; was carried through to New York and deposited in its baggage-room, where it was seen by the man in charge for two days thereafter. Upon the third day plaintiff called for his baggage ; he found and received the other pieces, but the portmanteau was missing, and no account could be given of the cause of the disappearance. It did not appear that there had been any burglary or larceny, or that any other baggage was missing. The court directed a verdict for defendant on the grounds that defendant did not occupy the position of common carrier in regard to plaintiff and his baggage ; that the baggage was carried to New York and was ready for delivery ; plaintiff failed to call for it in a reasonable time, and it subsequently disappeared, without negligence on defendant's part ; to which, plaintiff's counsel duly excepted. A verdict was rendered accordingly. Further facts appear in the opinion.

*Albert Stickney* for the appellant. Defendant, whether negligent or not, was liable absolutely for a conversion. (*Robinson* v. *Baker*, 5 Cush., 137 ; *Fitch* v. *Newberry*, 1 Doug. [Mich.], 1.) If the baggage was delivered to defendant without plaintiff's knowledge or authority, he could ratify that delivery by bringing this action. (2 Greenl. Ev., § 210 ; *Sanderson* v. *Certon*, 6 Binn., 129.) The special agreement made with the agent when the baggage was delivered can be proved. (*Quimby* v. *Vanderbilt*, 17 N. Y., 306 ; *Van Bus-*

*kirk* v. *Roberts*, 31 id., 661.) The first carrier of goods, in a line of successive carriers, is the implied agent of the line, and his contract will bind them, whether made known to them or not. (2 Redf. on R. R. Cas., 218.) The fact that plaintiff did not travel with his baggage is immaterial. (*The Elvira Harbeck*, 2 Blatch., 366; *Jordan* v. *Fall River R. R. Co.*, 5 Cush., 69.) The question whether plaintiff sent for the baggage in reasonable time was one of fact. (*Rus. Man. Co.* v. *N. H. Stbt. Co.*, 50 N. Y., 121; *Curtis* v. *Avon, etc. R. R. Co.*, 49 Barb., 149; *Gillooly* v. *N. Y. and S. Co.*, 1 Daly, 197.) Plaintiff was entitled to go to the jury on the question of gross negligence. (*Steers* v. *N. Y. and L. St. Co.*, 57 N. Y., 1.) The question whether the misdelivery of the baggage was made by defendant's negligence was one of fact. (*Lubbock* v. *Inglis*, 1 Stark., 104; *Price* v. *Oswego R. R. Co.*, 50 N. Y., 213; *Hall* v. *B. and W. R. R. Co.*, 14 Al., 439.) Defendant would be liable for the tort of its servant. (*Higgins* v. *Watervliet Co.*, 46 N. Y., 23; Story on Agency, §§ 400, 406, 452.) The answers of the person in charge of the baggage room, of the superintendent, of the agent and of the person who took charge of baggage for defendant under a contract with them, were admissible. (*McCormick* v. *Penn. R. R. Co..*, 49 N. Y., 316.) Plaintiff was a competent witness as to the value of the lost articles. (3 Edm. Stat., § 37, p. 635.)

*Frank Loomis* for the respondent. The relation of carrier to a passenger and his baggage did not exist between plaintiff and defendant. (Ang. on Car., §§ 107, 110; 2 Redf. on Railways [4th ed.], 39; Laws 1850, chap. 140, § 28, sub. 9; *Glasco* v. *N. Y. C. R. R. Co.*, 36 Barb., 557; *Jones* v. *Nor. and N. Y. Tr. Co.*, 50 id., 193; *Collins* v. *B. and Me. R. R. Co.*, 10 Cush., 506; *Maghee* v. *C. and A. R. R. Co.*, 45 N. Y., 524; 5 J. & S., 516.) Defendant fully discharged its duty as carrier of passengers and their baggage. (2 Redf. on Railways [4th ed.], 40; *Ouimit* v. *Henshaw*, 35 Vt., 605; *Holdridge* v. *U. and B. R. R. R. Co.*, 56 Barb., 191; *Roth* v.

*B. and S. L. R. R. Co.*, 34 N. Y., 548; *Burnell* v. *N. Y. C. R. R. Co.*, 45 id., 184.) Plaintiff, intending to stop over, had no right to have his baggage checked through. (*Hedges* v. *H. R. R. R. Co.*, 49 N. Y., 223.) Any arrangement between the Grand Trunk Railway and defendant did not constitute, as between plaintiff and defendant, the relation of carrier to the passenger and his baggage. (*Northrop* v. *Syr. and B. R. R. Co.*, 5 Abb. [N. S.], 425; *Fenner* v. *B. and S. L. R. R. Co.*, 44 N. Y., 505; *Colman* v. *Livingston*, 4 J. & S., 32; 56 N. Y., 658.)

Rapallo, J. We think this judgment must be reversed upon the ground that it clearly appears that the portmanteau was taken in charge by the defendant and transported to New York, and there deposited by it in its baggage-room. The defendant thus incurred the responsibility of a warehouseman, at least, without regard to the question which has been argued whether it became liable as a common carrier. When the plaintiff demanded the article it had disappeared, and no account is given of the cause of such disappearance. This is *prima facie* evidence of negligence. (*Steers* v. *Liv., N. Y. and P. Sts. Co.*, 57 N. Y., 1.) The facts proved show that the loss was quite as likely to have arisen from a misdelivery as from theft. There was no evidence that there had been any burglary or larceny in the room, or that any other baggage was missing. It is true that the person in charge of the baggage-room testifies that although he personally made all the deliveries he did not deliver this portmanteau to any one; still, if he delivered it by mistake, it is quite possible that he would have no recollection of having done so; and the facts testified to by him, if he is accurate in his statements, show that it is scarcely possible that the portmanteau could have got out of the room without his having delivered it.

Upon this evidence the question of negligence was one of fact which should have been submitted to the jury, as requested by the plaintiff's counsel. The proof of the general care, with which the baggage-room and its contents were guarded, was

not sufficient to establish conclusively that there was no want of care in this particular instance. (*Burnell* v. *The N. Y. Cen. R. R. Co.*, 45 N. Y., 184.)

The judgment must be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.