ARTHUR v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y CO.

1. **Bailment:** STORAGE AND MIXING OF GRAIN: DESTRUCTION BY FIRE: RIGHTS OF OWNERS. Where various parties deliver grain for storage to the keeper of an elevator, who, without any agreement to that effect, and without the knowledge of the owners, but according to the custom in such cases, mixes in a common mass all the grain of the same kind and quality, the several owners become tenants in common of the entire amount in store of like quality; and where in such case the elevator and its contents are burned through the negligence of a railway company, each owner may recover of the company the value of his grain so destroyed.

2. ———: ———: ———: ———. In such case the warehouseman would not be liable to the owners of the grain, as his act of mixing it was not a conversion; and the fact that one of the owners of the grain brought an action against the warehouseman to recover the value of his grain, on the ground that the act of mingling was a conversion of it, in which action he failed to recover, would not defeat him in his action against the railway company.

3. **Damages:** PROPERTY DESTROYED BY NEGLIGENCE: INTEREST. Where the property of the plaintiff has been destroyed by the negligence of the defendant, and the value of the property destroyed is capable of exact computation, plaintiff may recover that value with interest.

*Appeal from Keokuk District Court.*

TUESDAY, OCTOBER 16.

THIS is an action at law to recover the value of certain wheat, which the plaintiff claimed he had stored in an elevator at Brooklyn, in Poweshiek county, and which, with the elevator, was destroyed by fire communicated to the elevator by an engine on defendant's road.

There was a trial by the court without a jury, which resulted in a judgment for the plaintiff. Defendant appeals.

*W. A. Low,* for appellant.

*John T. Scott,* for appellee.

ROTHROCK, J.—I.   The cause was submitted to the district

court upon an agreed statement of facts, of which the following is a copy:

" 1. That on the twenty-sixth day of May, 1875, the Farmers' Union Elevator, at Brooklyn, Iowa, was burned and wholly consumed, the fire being set out by a spark from an engine of defendant, while being operated over its line, and in front of and near to said elevator building.

" 2. That at the time of the burning of said elevator the plaintiff had stored therein, for future shipment, five hundred and sixty bushels of wheat, of the value of eighty-five to ninety cents per bushel, and this wheat was also burned and wholly consumed.

" 3. That the elevator was at the time being operated by one Wm. E. Small for storing and shipping grain, who, at the same time, had other wheat and grain therein; and the wheat of plaintiff was, by said Small, at the time it was received for storage, mixed with other grain of same grade and quality, and placed in a bin in the elevator; such mixing being done as each load was delivered by the various parties hauling the same.

" 3½. That, at the time of storing the wheat with said W. E. Small, no agreement was made as to whether the grain should be mixed with other grain or kept separate, and plaintiff had no knowledge as to whether the grain was kept separate or mixed.

" 4. That, after the burning of this wheat, the plaintiff brought a suit against the said Small to recover for the value of the wheat; such suit being brought in the district court of Poweshiek county, Iowa; and such proceedings were had in said cause that, upon a trial had, a judgment upon the merits was rendered against the plaintiff for costs. A copy of the petition, answer, and all the pleadings in said cause is hereto attached, marked exhibit 'A' and made a part hereof.

" 5. That this cause, when tried and decided, was never appealed, and the judgment entered therein was a final one.

" The above are agreed to be the facts in this case, for the purpose of this trial."

The pleadings in the action brought by the plaintiff against Small to recover the value of the wheat show that the plaintiff claimed to recover of Small upon the ground that he had made an actual sale of the property to him. He did not seek to recover upon a contract for storage or bailment. Small denied that there was any contract of sale, and claimed that the wheat was merely stored with him, and that he held it as a bailee for the plaintiff.

It is not claimed in argument that the defendant was not in fault in communicating the fire to the elevator. In the case of *Small v. The C., R. I. & P. R. R. Co.*, 55 Iowa, 582, which was an action to recover damages for the destruction of property by the same fire, the defendant was held to be liable. In this action the question of original liability is not involved. But the defendant claims that because Small, without the knowledge of the plaintiff, mixed plaintiff's wheat with other grain of the same grade and quality, the act of Small in this mixing of the grain was a conversion of plaintiff's grain, and that Small was liable to the plaintiff for the value thereof by reason of the conversion.

*1. BAILMENT: storage and mixing of grain: destruction by fire: rights of owners.*

In the case of *Sexton & Abbott v. Graham*, 53 Iowa, 181, it was held that where a warehouseman, with the consent of the owners of grain of the same grade and quality, mixed the same in one common mass, the owners became tenants in common of the entire amount in store of like quality; and a majority of the court held that this tenancy in common continues, although the entire mass in store may be changed by continued additions and substractions.

There is no controversy in this case as to a change of the identity of the grain, for it is conceded that the wheat which the plaintiff stored was destroyed by the fire. It appears from the agreed statement of facts that Small did not mix the plaintiff's wheat with his own. The elevator was being operated by Small for storing and shipping grain, and as each load of wheat was delivered by various parties hauling the

same, it was placed in the same bin in the elevator. This mingling of the same grade and quality of grain did not divest any of the owners of their property therein. · Each man was a tenant in common in the entire mass, and was entitled to have his share when demanded. While it is true, as claimed by appellant, that the court cannot take judicial notice of a custom to so mix and mingle such property by warehousemen, yet a court cannot ignore the fact that the grain elevators in this state cannot be operated in any other manner. If a proprietor of an elevator should be required to store each farmer's grain in a separate bin, and for failure to do so should be held liable for a loss of the grain by fire, the business of storing grain in elevators would practically cease. It would require as many bins as there are depositors. Nor do we think the fact that the grain was mixed with other grain without the knowledge of the plaintiff can in any manner affect his rights. Suppose the creditors of Small had attached the grain while in the bin? There can be no doubt that the plaintiff could have maintained replevin and recovered the grain belonging to him from the common mass. The mere fact of an admixture of goods of the same grade and quality does not divest the owner of his property, whether the act be done with or without his knowledge. *Stearns v. Raymond*, 26 Wis., 74. In 2d Parsons on Contracts, p. 136, it is said: "There may be a confusion of goods made honestly, where the goods of a party are mingled with the goods of another party, of the same kind, description, and value. As if A. receives ten bushels of corn from B., and with no wrongful purpose mingles them with some of his own of the same kind. Here there is a confusion of goods which, in one sense, is perfect; for it would be impossible to identify a single grain as belonging to either party. But for all practical purposes the grain of one party may be as certainly and accurately separated from the grain of the other party by measuring out ten bushels, as the horse of one might be separated from the other by leading him out of the stable."

So, in this case, if the plaintiff, at any time before the fire, had demanded his grain from Small, it could have been separated from the common mass and delivered to him, and he would have had no right to object to receiving it because it had been, without his knowledge, mixed with other wheat of like quality. There was, therefore, no wrongful conversion of the grain by Small. This case is unlike the case of *Johnston v. Brown*, 37 Iowa, 200, and other cases in this court. In this case there was no sale of the grain by Small, and no agreement nor understanding that he should sell it and return grain of like grade and quality. The agreed facts in this case show that Small received the grain as a bailee, and that it was actually destroyed by fire.

II. It is claimed that, as the plaintiff elected to hold

2. SAME. Small responsible for the loss of his grain by commencing an action against him, he cannot recover of the defendant. If by the agreed statement of facts it were shown that Small was liable to the plaintiff, there might be merit in the argument. But this question we need not determine, because we do not think Small was liable to the plaintiff. His liability was that of a warehouseman only, and, in our opinion, the mixture of the grain was not a wrongful conversion.

III. The court gave judgment for the plaintiff for the

3. INTEREST: property destroyed by negligence. value of the wheat, with interest at six per cent per annum. The defendant in a motion for a new trial claimed that the court erred in allowing interest, and in computing the interest, and that the judgment included too much interest. The motion was overruled, and this ruling of the court is assigned as error.

This is an action to recover the value of property destroyed by the negligence of the defendant. The amount of damages is capable of exact computation. The amount for which the defendant is liable is the value of the wheat. It is true, it is not what is called liquidated damages. But notwithstanding it is unliquidated, we think the court did not err in allowing interest. Indeed, we can see no difference between

this case and the case of *Mote v. C. & N. W. R. R.*, 27 Iowa, 22. That was a case where, by reason of the negligence of the defendant, the plaintiff's baggage was stolen from the warehouse of the defendant, and it was held that interest on the value of the stolen property was properly allowed. See also Sedgwick on the Measure of Damages, 476, and Parsons on Contracts, Vol. 3, 104. It is conceded, however, that the interest assessed was $33.43 in excess of the actual amount due, and the plaintiff now offers to remit the same. The amount of the judgment will be reduced to that extent, and, as the question of an excess of interest was made and presented to the court below in the motion for a new trial, and the same was overruled, the plaintiff will pay the costs of this appeal.

MODIFIED AND AFFIRMED.