JOHN NEALAND vs. BOSTON AND MAINE RAILROAD.

Essex.   November 9, 1893. — March 6, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Common Carrier — Warehouseman — Baggage.*

A passenger over a railroad, on arriving at his destination late in the evening, left his trunk to be placed in the baggage room of the railroad station until the next day. During the night it was destroyed by a fire which originated in an accumulation of oily waste on the floor of a closet in the corner of the baggage-room. *Held,* that the storage of the trunk, which was strictly personal baggage, being free, under a regulation of the railroad company, for the first twenty-four hours after it was received, was to be considered as paid for by the payment of the passenger's fare, and that the liability of the defendant therefor was that of a warehouseman or bailee for hire, and that it was a question for the jury whether the baggage room was kept by the defendant or its servants in a reasonably safe condition for the storage of baggage.

CONTRACT, for the value of a trunk which was destroyed by fire while stored in the defendant's railroad station at Newburyport. At the trial in the Superior Court, before *Bond, J.,* there was evidence tending to show that on the evening of March 2, 1892, the plaintiff, having paid his fare, took passage on one of the defendant's trains from Boston to Newburyport, and that he carried with him on the same train as baggage, duly checked, a trunk containing personal effects only. He arrived in Newburyport at about a quarter before eight in the evening, and proceeded to Amesbury, where he resided. As the night was stormy he left his trunk in the baggage-room of the defendant's railroad station in Newburyport, intending to send for it the next day. During the night the railroad station was burned, and the plaintiff's trunk destroyed. It appeared that the fire originated in a closet in the corner of the baggage-room, in which was kept a barrel of kerosene oil, a barrel of lantern oil, some clean cotton waste, and under the barrels some oily cotton waste which had been used.

It was agreed that a notice like the following had, for some time prior to March 2, 1892, been posted in the stations of the defendant, and the plaintiff testified that he had seen it posted in the station at Salisbury Point, which was several miles from

Newburyport: "Boston & Maine R. R., notice to passengers. Storage of baggage. A charge for storage of baggage will be made on all baggage remaining unclaimed in the baggage rooms of this road more than twenty-four hours after its arrival at the station to which it is checked. For each piece of baggage, the charge will be twenty-five cents for the first twenty-four hours, or fraction thereof, after the expiration of the specified time of free storage, and ten cents for each additional twenty-four hours, or fraction thereof. The twenty-four hours of free storage will begin at midnight of the day baggage is received, and the charge for storage will begin at midnight of the following day."

This was all the material evidence in the case. The judge, at the defendant's request, ruled that the action could not be maintained, and directed a verdict for the defendant; and the plaintiff alleged exceptions.

*H. I. Bartlett*, for the plaintiff.

*W. I. Badger*, for the defendant.

FIELD, C. J. On the undisputed facts of this case, we think that the duty of the defendant was to take such reasonable care of the plaintiff's trunk as warehousemen or bailees for hire are required to take. In those jurisdictions where it is held that the passenger has a reasonable time after his arrival at a station to call for and take away his baggage, and that during this time the carrier remains responsible for the safe keeping of baggage, according to the strict rule applicable to common carriers of passengers and baggage, it would be held, we think, that, as Newburyport was the end of the plaintiff's journey on the railroad, and as the plaintiff did not take his baggage on arrival, but left it to be placed in the defendant's baggage room for the night, the defendant's duty was that of a warehouseman. *Roth* v. *Buffalo & State Line Railroad*, 34 N. Y. 548. *Vineburg* v. *Grand Trunk Railroad*, 13 Ont. App. 93. *Chicago, Rock Island, & Pacific Railroad* v. *Fairclough*, 52 Ill. 106. *Bartholomew* v. *St. Louis, Jacksonville, & Chicago Railroad*, 53 Ill. 227. *Hœger* v. *Chicago, Milwaukee, & St. Paul Railway*, 63 Wis. 100. *Ouimit* v. *Henshaw*, 35 Vt. 605. *Burnell* v. *New York Central Railroad*, 45 N. Y. 184. *Louisville, Cincinnati, & Lexington Railroad* v. *Mahan*, 8 Bush, 184. *Mote* v. *Chicago & Northwestern Railroad*, 27 Iowa, 22. Thompson on Carriers, 534, § 23.

The decision in *Norway Plains Co.* v. *Boston & Maine Railroad*, 1 Gray, 263, must be taken by analogy to show that the liability of the defendant in this Commonwealth is that of a warehouseman or bailee for hire.  In that case it is said in the opinion : " The company, having received an adequate compensation for the entire service, if they store the goods, are paid for that service ; they are depositaries for hire, and of course responsible for the security and fitness of the place, and all precautions necessary to the safety of the goods, and for ordinary care and attention of their servants and agents, in keeping and delivering them when called for."  In *Miller* v. *Mansfield*, 112 Mass. 260, it is said : " After the arrival of the goods at their destination the liability of the company as common carriers ceased, but they became liable for the custody of the goods as warehousemen, and, if they were not removed within a reasonable time, were entitled to compensation, for which they had a lien as warehousemen."  See also *Rice* v. *Hart*, 118 Mass. 201, and *Bassett* v. *Connecticut River Railroad*, 145 Mass. 129.  The notice posted by the defendant concerning the storage of baggage, which the plaintiff had seen, does not change this rule. The storage for the first twenty-four hours, which is called in the notice " free storage," is to be considered as paid for by the payment of the passenger's fare.

The only remaining question in the case then is whether there was evidence for the jury that the defendant's baggage-room was not kept in a reasonably safe manner as a place or warehouse for the storage of baggage.  In a corner of this room there was a closet in which was kept a barrel of kerosene oil, a barrel of lantern oil, some clean cotton waste, and under the barrels some oily cotton waste, which had been used.  In this corner the fire originated.  The plaintiff contends that it is common knowledge that oily cotton waste is apt to take fire of itself. Whether this is so or not, or whether there should have been evidence on this point, it is not perhaps necessary to decide. We do not think that the case was taken from the jury on account of the lack of specific evidence on this point.  We think it probable that the ruling was made on the authority of *Clark* v. *Eastern Railroad*, 139 Mass. 423.  In the opinion in that case it is assumed that the defendant was. a gratuitous bailee, and was

liable, if at all, only for gross negligence, and it is said: "In this view, it is not necessary to consider the further proposition of this defendant, that, since the plaintiffs' property was put into the defendant's custody without its consent, and solely through the wrongful and fraudulent conduct of the plaintiffs themselves, all the consequences must be borne by them exclusively." The trunks in that case contained merchandise, and had been checked by a commercial traveller, who had paid only a passenger's fare. If the railroad company was liable at all on the ground of negligence for the loss of such merchandise, when carried with a passenger as personal baggage, it was liable only for gross negligence. *Blumantle* v. *Fitchburg Railroad*, 127 Mass. 322. In the case at bar the trunk was strictly personal baggage, and the defendant's liability is that of a warehouseman or bailee for hire. Under this rule we are of opinion that it was a question for the jury whether the baggage-room was kept by the defendant or its servants in a reasonably safe condition for the storage of baggage. See *Mote* v. *Chicago & Northwestern Railroad*, 27 Iowa, 22; *St. Louis & Cairo Railroad* v. *Hardway*, 17 Bradw. (Ill.) 321.                                   *Exceptions sustained.*