## WIEGAND et al. v. CENTRAL R. CO. OF NEW JERSEY.

(Circuit Court, E. D. Pennsylvania. May 8, 1896.)

No. 49.

1. CARRIERS OF PASSENGERS—LIABILITY AS TO BAGGAGE.
    The omission of a passenger to call for her trunk until the day following that of arrival at her destination is, under ordinary circumstances, unreasonable, and therefore the carrier ceases to be responsible as such, and is liable merely as a warehouseman.
2. SAME—LIMITATION OF LIABILITY.
    The New Jersey statute limiting the liability of common carriers in certain respects, does not affect their liability as warehousemen in respect to baggage left at a station by a passenger.
3. SAME—LIMITATION OF TICKET.
    In New Jersey, a condition in a railroad ticket restricting the passenger to 150 pounds of baggage, and limiting the company's responsibility therefor to one dollar per pound, is ineffectual, in case of loss, in the absence of evidence that the passenger's attention was especially called to it.

The plaintiff, a citizen of the state of Pennsylvania, claimed to recover of the defendant, a corporation of the state of New Jersey, the sum of $2,500, upon the following cause of action, as set forth in her statement:

The defendant was alleged to be a common carrier of goods and passengers over a railroad, and in the course of its business in operating said railroad it at the same time and in connection therewith carried on the business of a warehouseman as to goods carried over it. It was alleged to have received for hire and otherwise, as a warehouseman, at Plainfield, N. J., such goods of all persons which came into its hands, either for the purpose of transportation or of delivery after having been transported over the railroad to the

said town of Plainfield. The plaintiff testified that the defendant, through its agent, a connecting railroad at Philadelphia, sold her a ticket to Plainfield, which ticket was in the following terms:

"Station stamped on back to Plainfield, N. J., via P. & R. and C. R. R. of N. J. Form 992. Philadelphia and Reading Railroad Company. This ticket, with coupons attached, entitles the holder to one first-class passage from station stamped on back to Plainfield, N. J. This ticket is void unless officially stamped and dated. In selling this ticket for passage over other lines, this company acts only as agent, and assumes no responsibility beyond its own road. Only 150 lbs. of baggage allowed each passenger. Company's responsibility for baggage limited to $1.00 per lb., unless special agreement be made. The coupons belonging to this ticket will be void if detached.

"G. G. Hancock, General Passenger Agent.

"Issued by Philadelphia & Reading R. R. Co. on account of Central Railroad of New Jersey. One first-class passage Bound Brook to Plainfield, subject to conditions of contract. This coupon is not good if detached. Plainfield, N. J.

"Philadelphia & Reading R. R. Co. One first-class passage station stamped on back to Bound Brook via ———. Subject to conditions of contract. This coupon is not good if detached. Plainfield, N. J."

Plaintiff further alleged that her trunk, containing a lot of valuable articles, was accepted as baggage, and a check given therefor. Upon arrival at Plainfield on July 12, 1895, the plaintiff informed the baggage agent that she would send for the trunk the next morning. The trunk and its contents were thereupon placed in defendant's warehouse, but upon a presentation of the check the following day the trunk could not be found, and defendant refused to deliver it to her upon demand. It was averred that through gross negligence and carelessness on the part of defendant's employés the trunk had been delivered to a stranger, on which account plaintiff claimed to recover the value of its contents, with damages for mental worry and inconvenience.

Webster A. Melcher, for plaintiff
Samuel Dickson, for defendant.

BUTLER, District Judge. The defendant, consenting to a verdict in the plaintiff's favor, for the sum named in the ticket in evidence, $150, asked the court to charge, substantially, that the verdict should be for that sum and no more. The court reserved its answer to this request, and instructed the jury to ascertain whether the defendant had been guilty of negligence leading to the loss, as the plaintiff charges; and if they found such negligence to render a verdict for the plaintiff equal to the value of the trunk and its contents, with interest, together with such additional sum as would compensate the plaintiff for the time and labor necessarily devoted to replacing the property lost. The jury found for the plaintiff in $528.23; whereupon the defendant moved for judgment on the point reserved, and also for a new trial.

Under the defendant's original obligation, as carrier I entertain no doubt that it would have been liable only according to the provisions of the New Jersey statute, which it invokes. Brown v. Railroad Co., 83 Pa. St. 316. The requirements of the statute as respects notice were fully complied with. The plaintiff sues, however, not on the obligation as carrier, but on the defendant's alleged obligation as warehouse keeper, which arose, as is charged, after the trunk reached its destination at Plainfield. Until the plaintiff had been afforded reasonable time to remove her baggage, the obligation as carrier continued. Had she called for it within a short

time after its arrival, and had failed to obtain it, the question whether she had called early enough to hold the defendant to this obligation—that is, whether she had called within a reasonable time —would have been for the jury. She did not call, however, till the next day; and such delay, under ordinary circumstances, the courts hold to be unreasonable; and consequently that it relieves the carrier of his responsibility as such. He is not however relieved of all responsibility, but is held to assume the duties of a warehouseman thereafter, which impose upon him the obligation to exercise ordinary care over the property. In all the cases I have examined the application of this doctrine has been in relief of the carrier. It is an invention of the courts, originally intended to confine the carrier's responsibility as insurer within reasonable limits. Here the plaintiff seeks to avail herself of it *against the carrier*. As before suggested, if she had sued on the original obligation as carrier, she would have failed because that obligation terminated by reason of her neglect to remove the trunk within a reasonable time. She therefore seeks redress under the other, subsequent obligation; and to the defendant's effort to interpose the limitations of the statute she answers that it does not apply; that it was intended only to modify the severe obligations of common carriers; that it was not intended to relieve warehouse keepers against the consequences of negligence. On the trial I inclined to believe this position to be sound; and the consideration I have given the subject since has not convinced me that my first impressions were wrong. It is not necessary to discuss the subject here; it is sufficient to say that while what has been urged in support of the defendant's view has much force, my judgment is with the plaintiff.

As respects the limitation of liability stated in the ticket; I think it cannot well be doubted, under the decisions, that it is ineffectual, in the absence of evidence that the plaintiff's attention was especially called to it. It was inserted presumably as a compliance merely with the provisions of the statute, and under the circumstances has no independent effect. The rule for judgment on the point reserved must therefore be dismissed.

The only additional matter urged in support of the rule for new trial is, in substance, that there is no evidence of negligence in the defendant, which contributed to the loss. I think however there is evidence from which the jury might find such negligence; and the charge of the court refers to it. Of course it cannot be known where the check was changed by substituting another; and the jury was at least justified in finding that it was done while the trunk remained on the platform after night, or that seeing it there exposed led to its being done elsewhere. The defendant's rule for new trial must be dismissed also.

The plaintiff too entered a rule for new trial, on the ground substantially that she was confined to a recovery for the value of the property lost, with interest, and of the time and labor expended in acquiring similar property in its stead. I cannot sustain the complaint made on this account. The plaintiff is entitled to compensation for the loss resulting directly from the negligence complained of—

such loss as the defendant could foresee or contemplate. The circumstances are not such as ordinarily attend the deposit of goods with warehousemen, where the character and quantity of the goods are exhibited; and are accepted and charged for accordingly. The defendant knew nothing of the contents of the trunk. The only reasonable inference to be drawn was that it contained wearing apparel to an amount such as travelers between the points named in the ticket ordinarily carry for personal use. The defendant was therefore justified in drawing this inference, and cannot justly be held to have accepted and undertaken to care for any other description of property, or more of this description. It could not know or infer that the plaintiff had her entire wardrobe in her trunk (if she had) and that she would consequently be subjected to extraordinary inconvenience from its loss; or that she was delicate and nervous, as she proposed to prove, or was understood to propose, and might be and was subjected to great worry and sickness in consequence. It must not be overlooked in this connection that the obligation of the defendant in all such cases as this is, substantially. forced on the carrier by the traveler's neglect to take his baggage away when he should—when the original contract contemplated he would. To hold the carrier responsible under such circumstances for more than the plaintiff was allowed to recover in this case, would work great injustice. The plaintiff's rule is dismissed.

I intended to add that I do not find anything to support the assertion that the defendant delayed the plaintiff in supplying herself with anything made necessary by the loss of her trunk; or otherwise influenced her actions. It requested her to leave tracing the trunk to it; but she is not injured by yielding to this request; the verdict fully compensates for the failure to find it.