ALBERT ADIX ET AL. v. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

**Railroads:** DESTRUCTION OF FREIGHT BY FIRE: NEGLIGENCE: EVIDENCE. The law requires a warehouseman to exercise reasonable care only for the protection of property intrusted to him, and if he stores the same with that care which a reasonably prudent person would exercise under like circumstances he is not liable for the loss.

In this case plaintiff's property was loaded upon a car, and standing upon defendant's side track some distance from the station, at its destination and place for unloading, when it was destroyed by fire; and it is held that the company was not negligent in failing to send a sufficient number of men or equipment to extinguish the fire, as it was shown that the property could not have been saved when those sent reached the place; that as there was no evidence that defendant's night dispatcher knew the residence of plaintiff or his telephone call, and it appeared that if he had been notified he could not have reached the place in time to have saved the property, defendant was not negligent in failing to notify him; and that defendant was not negligent in failing to keep a watchman at the car to protect it and the contents from the possibility of fire.

*Appeal from Boone District Court.*—Hon. R. M. Wright, Judge.

Friday, March 10, 1911.

Action to recover the value of property burned while in one of the defendant's cars. Verdict and judgment for the plaintiffs. The defendant appeals.—*Reversed.*

*Dyer & Hull, James C. Davis, George E. Hise,* and *A. A. McLaughlin,* for appellant.

*Ganoe & Ganoe,* for appellees.

Sherwin, C. J.—In August, 1909, the plaintiffs shipped a merry-go-round over the defendant's road to Boone. When the car containing this pleasure vehicle reached Boone, it was set out on one of the yard tracks not far from the depot. Thereafter, the plaintiff, Adix, requested the defendant's cashier in the local freight office to set the car as conveniently as possible to a place about four miles west of the depot at Boone known as Pilcher's Grove, and this the cashier agreed to do as soon as the switch engine went out there. The car was taken out to

the point agreed upon on Monday, the 30th of August, and was left on what is known as "Rogers spur," which is located in the little village of Logansport, about four miles from Boone. The car was placed there about noon, and at about 12:45 on the following morning a fire was discovered in the car which eventually destroyed it and its contents. When discovered, the fire was in the east end of the car, and the north door of the car was open about two inches. Benson, who first saw the fire, opened the car door and saw where the fire was, and then closed the door, and went to Clark's house, about two hundred feet south. He aroused Clark, who returned with him to the car, taking with them a couple of buckets of water and an ax. They again opened the car door, but found that the fire had made such progress that nothing could be done with it from that quarter. They then tried to chop a hole in the end of the car, and, failing in that, Benson went to a house some forty-five rods away, aroused the family, and used their telephone to notify the office of the dispatcher of defendant in Boone that a box car was on fire near the Johnson mine. Nothing was said to the dispatcher, however, about the contents of the car. This telephone message was sent twenty or twenty-five minutes after the fire was discovered. In about fifty minutes after the message was sent, an engine and four or five men, with buckets and hose, reached the place of the fire from Boone, but it was too late to save the car or any part of its contents. In fact, the undisputed evidence shows that the fire had made such headway when Benson went to the telephone for the purpose of notifying the defendant's dispatcher that the car could not then have been saved by ordinary efforts.

The plaintiffs alleged fourteen grounds of negligence, but the district court permitted them to go to the jury on three grounds only, which were as follows: Negligence in not guarding the car after it had been placed on the

Rogers spur; negligence in failing to send "a sufficient number of men or proper equipment to extinguish the fire;" and negligence in not notifying the plaintiffs of the fire while it was in progress.    It was conclusively shown that the property could not have been saved when the switch engine and men reached it in response to Benson's phone call; hence it was error to submit that question to the jury.    The plaintiff, Adix, lived six miles from Logansport, and could reach there at the time in question only by driving.    While he had given his phone number to the day freight agent of the defendant at Boone, there is no showing that the night dispatcher knew of him, his residence, or his telephone call.    There was no reason apparent why the night force should be advised of those facts, and we are unable to see where there was negligence in failing to notify Adix that the fire was in progress.    Furthermore, it is conclusively shown that he could not have reached the car in time to save any part of his property had he been notified from the defendant's office in Boone.    It was error, therefore, to submit that ground of negligence to the jury.

The remaining question on this branch of the case is whether the defendant was negligent in not keeping a watchman at the car after it was placed on the spur at Logansport.    We think this question must be answered in the negative.    There is nothing in the record even tending to show that the car was in a place of unusual danger.    Rogers spur, upon which it was set out, was located in a little village some four miles from Boone.    So far as the record discloses, the town was inhabited by law-abiding and respectable people, and by no other class, nor was there any inherent danger from fire.    The house nearest the car was ten rods away.    It was a summer night, when fires in homes were not necessary or generally used.    Indeed, everybody in the town living anywhere near the car seems to have been asleep at the time the fire was dis-

covered. It surely should not be said as a matter of law that under such circumstances the defendant as a warehouseman was bound to keep a watchman at the car to protect its contents from possible danger from fire, and, if that be true, the question whether the defendant was negligent in that respect should not have been submitted to the jury, because no facts were shown which would require extraordinary watchfulness on the part of the defendant. The law requires a warehouseman to exercise reasonable care only, and, if he stores property with the care that would be used by a reasonably prudent man under the circumstances, he is not liable for loss. He is not bound to provide a place that is fireproof. *Mote v. Railway Co.,* 27 Iowa, 22; 4 Elliott on Railroad, 2617. We are inclined to the opinion that there had not been a delivery of the car to the plaintiff, but we make no decisive pronouncement on the question because it is unnecessary to do so.

Other alleged errors are discussed, but we need not consider them for the reason that on the facts presented the plaintiffs were not entitled to recover, and the defendant's motion for a directed verdict should have been sustained.— *Reversed.*