## JESS A. WHITE v. JAMES C. DAVIS, DIRECTOR GENERAL OF RAILROADS, AS AGENT UNDER TRANS-PORTATION ACT, 1920.[1]

January 13, 1922.

No. 22,616.

**Carrier—liability for delivery of passenger's baggage.**

When a passenger and his baggage travel on the same train, the carrier's liability continues only long enough after arrival to permit the passenger to present his check and the company to deliver the baggage. In the absence of special circumstances, a delay from one afternoon to the next morning releases carrier from liability. [Reporter.]

Action in the district court for Murray county to recover $167.85 for baggage stolen while in defendant's care. The answer alleged that defendant's road was in the control of the director general of railroads at the time mentioned. The case was tried before Nelson, J., who made findings and ordered judgment in favor of plaintiff for $100. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*F. W. Root* and *C. W. Wright*, for appellant.

*O. J. Finstad*, for respondent.

[1]Reported in 186 N. W. 145.

PER CURIAM.

On February 26, 1920, plaintiff took passage on one of defendant's passenger trains at Canton, South Dakota, and traveled to Hawarden, Iowa. At Canton he purchased his ticket and checked his personal baggage, a suit case, in the usual manner, and received the usual baggage check. The train carrying plaintiff and his baggage arrived at Hawarden at 2:44 p. m. February 26. Before 8 a. m. of the twenty-seventh, he presented his baggage check and demanded his baggage. During the night defendant's depot which contained the baggage was burglarized and plaintiff's baggage was stolen and could not be found. Plaintiff sued for the value of the baggage and the court found for plaintiff. Defendant appeals.

It is conceded that, if defendant's liability as carrier continued during the night of the twenty-sixth, the judgment was proper, but that, if defendant's liability as carrier had ceased and he was liable only as warehouseman, the judgment cannot be sustained. This then is the decisive question in the case.

It is clear that, when the passenger and the checked baggage travel on the same train, the liability of the carrier continues for such reasonable time after the arrival of the baggage as is necessary to permit the passenger to present his check and to enable the company to effect delivery. 5 R. C. L. 216. The carrier liability is rigid and the passenger cannot extend it by postponing the time of taking possession to suit his own convenience.

In determining what is a reasonable time, allowance must be made for the crowded condition of the depot and perhaps other circumstances, and the question is generally one of fact, but, if the facts are undisputed, the question is one of law for the court. Ditman Boot & Shoe Co. v. Keokuk & W. R. Co. 91 Iowa, 416, 59 N. W. 257, 51 Am. St. 352.

The facts are not in dispute in this case. The question is whether as a matter of law a delay from 2:44 p. m. until the next morning was an unreasonable delay.

The decisions are in conflict, but the decided weight of authority is that, in the absence of special circumstances, a delay from the afternoon of one day until the morning of the next is unreasonable. Jacobs v. Tutt, 33 Fed. 412; Wiegand v. Central R. Co. 75 Fed. 370; Kansas City, F. S. & M. Ry. Co. v. McGahey, 63 Ark. 344, 38 S. W. 659, 36 L. R. A. 781, 58 Am. St. 111; Nealand v. Boston & Maine Rd. 161 Mass. 67, 36 N. E. 592; Roth v. Buffalo & State Line R. Co. 34 N. Y. 548, 90 Am. Dec. 736; Ouimit v. Henshaw, 35 Vt. 605, 84 Am. Dec. 736; Louisville & C. & L. R. Co. v. Mahan, 8 Bush. (71 Ky.) 184; Cohen v. St. Louis I. M. & S. Ry. Co. 59 Mo. App. 66, 10 C. J. 1219. This construction of the carrier's liability appeals to us as just and we sustain it There are no special circumstances in this case. The result is the judgment must be reversed.

Judgment reversed.